## IN THE COURT OF COMMON PLEAS
## SUMMIT COUNTY, OHIO

MILDRED M. ACCOMANDO                )   Case No.:
2206 21st Street, Apt. 1            )
Cuyahoga Falls, OH  44223          )   JUDGE
                                    )
                Plaintiff,          )   **COMPLAINT**
                                    )   Type:  Personal Injury
        vs.                         )
                                    )   **JURY DEMAND ENDORSED**
WALMART, INC.                       )   **HEREON**
c/o CT Corporation System –         )
Statutory Agent                     )
4400 Easton Commons Way, Suite 125  )
Columbus, OH  43219                 )
                                    )
                                    )
        and                         )
                                    )
WAL-MART REAL ESTATE                )
BUSINESS TRUST                      )
c/o CT Corporation System –         )
Statutory Agent                     )
4400 Easton Commons Way, Suite 125  )
Columbus, OH  43219                 )
                                    )
        and                         )
                                    )
NATIONAL CONSTRUCTION               )
RENTALS, INC.                       )
c/o Registered Agent Solutions, Inc. – )
Statutory Agent                     )



EXHIBIT
A

4568 Mayfield Road, Suite 204 )
Cleveland, OH 44121 )
)
Defendants. )

Now comes the Plaintiff, Mildred M. Accomando, by and through undersigned counsel, and hereby submits to this Court her Complaint against the Defendants as follows:

## FACTS

1. Plaintiff, Mildred Accomando, is an individual who is a resident of the State of Ohio.

2. Defendant, Walmart, Inc., is a Delaware Corporation which is registered to do business in the State of Ohio and, at all times relevant herein, operated through its agents and employees a retail shopping establishment at 3520, Hudson Drive, in the City of Stow in the County of Summit and State of Ohio.

3 Defendant, Wal-Mart Real Estate Business Trust, is a Delaware Business Trust that is registered to conduct business in the State of Ohio and, at all times relevant herein, owns the real estate located at 3520, Hudson Drive, in the City of Stow in the County of Summit and State of Ohio.

4. Defendant, National Construction Rentals, Inc., is a California Corporation that is registered to conduct business in the State of Ohio and, at all times relevant herein, was the owner, supplier, and/or lessor to Defendants Walmart and/or Wal-Mart Real Estate Business Trust, a temporary fence that had signage indicating "National Rent-A-Fence."

2

5.     On or about July 1, 2020, Plaintiff, Mildred M. Accomando, was a business invitee at Walmart Supercenter #2323 located at 3520, Hudson Drive, in the City of Stow in the County of Summit and State of Ohio.

## COUNT I
### (Premises Liability)

6.     Plaintiff re-alleges paragraphs one through five as if fully rewritten herein.

7.     At all times relevant herein, Defendants, Walmart, Inc. and/or Wal-Mart Real Estate Business Trust, were doing business in the State of Ohio and operating a for profit business, known as Walmart Supercenter #2323, in Summit County, Ohio.

8.     At all times herein relevant, the aforementioned Defendants held this premises open to the public for business.

9.     At all times herein relevant, Defendants were charged with the duty of maintaining, repairing, and keeping free of nuisance and hazard the pedestrian areas of the Walmart Supercenter.

10.     On July 1, 2020, at approximately 8:00pm, Plaintiff, Mildred Accomando, had been dropped off at the entrance of Walmart Supercenter #2323 by her companion and was standing by a fence at the entrance on the premises of Walmart Supercenter #2323 as a business invitee.

11.     The fence was owned, leased, installed and/or maintained by Defendants, National Construction Rentals, Inc., Walmart, Inc., and/or Wal-Mart Real Estate Business Trust.

12.     On said date, while Plaintiff waited for her companion to park the vehicle they arrived in, she gently touched her back upon the fence.

3

13.     At the same time, Plaintiff had no way of knowing that Defendants negligently maintained, negligently repaired, and/or left the fence in such a defective and hazardous condition by the employees and or agents of Defendants, that said fence constituted a trap.

14.     As a result of Plaintiff coming into contact with said hazard, the fence immediately collapsed, taking the Plaintiff with it, to the ground with great force.

15.     As a direct and proximate result of Defendant's negligence Plaintiff, Mildred Accomando, sustained bodily injuries to her left leg causing pain and permanent damage.

16.     Plaintiff, Mildred Accomando, has incurred medical expenses, hospital expenses, and other expenses, and will incur further such expenses.

17.     Plaintiff, Mildred Accomando, has sustained permanent damage, pain and suffering, and expects to incur further pain and suffering in the future.

18.     The injuries, losses, and damages sustained and suffered by Plaintiff, Mildred Accomando, were the direct and proximate result of the active negligence of the Defendants in:

    a.     creating a dangerous, hazardous and latent peril upon the business premises; and/or

    b.     subjecting Plaintiff to a hidden danger and risk of injury known to said Defendants but unknown and not reasonably discoverable to Plaintiff; and/or

    c.     failing to warn Plaintiff of a hazard known to said Defendants; and/or

    d.     failing to exercise reasonable care for the safety of Plaintiff and other business invitees under the circumstances; and/or

e.   failing to maintain and keep the subject business premises in good repair and free from nuisance.

## SECOND CLAIM

### (Negligence)

19.    Plaintiff re-alleges paragraphs one through eighteen as if fully rewritten herein.

20.    At all times herein relevant, Defendant National Construction Rentals, Inc, was doing business by leasing, installing, and/or maintaining a fence to Defendants, Walmart, Inc, and/or Wal-Mart Real Estate Business Trust at the retail business known as Walmart Supercenter #2323 in the County of Summit and State of Ohio.

21.    As a direct and proximate result of Defendant's negligence Plaintiff, Mildred Accomando, sustained bodily injuries to her left leg causing pain and permanent damage.

22.    Plaintiff, Mildred Accomando, has incurred medical expenses, hospital expenses, and other expenses, and will incur further such expenses.

23.    Plaintiff, Mildred Accomando, has sustained permanent damage, pain and suffering, and expects to incur further pain and suffering in the future.

## THIRD CLAIM

### (Punitive Damages)

24.    Plaintiff re-alleges paragraphs one through twenty-three as if fully rewritten herein.

25.    Through Defendant's active creation of a known hazard on the premises, Defendants showed a reckless and wanton disregard for the health and safety of the general public.

5

26.     Defendants, Walmart, Inc. and Wal-Mart Real Estate Business Trust, by operating a store holding themselves open to the public for business, holds a higher duty of care to their business invitees to warn them of such hazards.

27.     Defendant, National Construction Rentals, Inc., by leasing, installing and/or maintaining a fence at a store that is open to the public for business, holds a higher duty of care to business invitees to warn them of such hazards.

28.     By showing a wanton, reckless, and grossly negligent disregard for Plaintiff's health and safety by installing and/or maintaining a fence in such a defective nature that it amounts to a trap, plaintiff is entitled to punitive damages.

**WHEREFORE**, Plaintiff, Mildred Accomando demands judgment against Defendants, as follows:

A.      Compensatory Damages in an amount in excess of TWENTY-FIVE THOUSAND DOLLARS, ($25,000.00), for Plaintiff, Mildred Accomando, plus interest at the legal rate of interest from the date of the accident described above;

B.      Punitive Damages in an amount in excess of TWENTY-FIVE THOUSAND DOLLARS, ($25,000.00), for Plaintiff, Mildred Accomando, plus interest at the legal rate of interest from the date of the accident described above;

C.      The costs of this Action, and any other relief the Court may deem necessary.

Respectfully submitted,


_/s/ William H. Corgan_____
William H. Corgan, Esq. (#0074398)
**WEISENSELL, MASTRANTONIO**
**& NIESE, LLP**
*Attorney for Plaintiff Mildred M. Accomando*
23 S. Main Street, Suite 301
Akron, Ohio 44308
(330) 376-5756
(330) 762-5980 – fax
WHCorgan@nwm-law.com


## **Jury Demand**

Plaintiff demands a trial by jury in this matter.


Respectfully submitted,


_/s/ William H. Corgan_____
William H. Corgan, Esq. (#0074398)
**WEISENSELL, MASTRANTONIO**
**& NIESE, LLP**
*Attorney for Plaintiff Mildred M. Accomando*

# IN THE COURT OF COMMON PLEAS
## SUMMIT COUNTY, OHIO

| | | |
|---|---|---|
| MILDRED M. ACCOMANDO | ) | Case No.: |
| | ) | |
| Plaintiff, | ) | JUDGE |
| | ) | |
| vs. | ) | |
| | ) | |
| WALMART, INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

To: NATIONAL CONSTRUCTION RENTALS, INC.
c/o Registered Agent Solutions, Inc. – Statutory Agent
4568 Mayfield Road, Suite 204
Cleveland, OH  44121

WHY ARE YOU GETTING THIS?

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above.  A copy of the Complaint is attached.  This is not a summons, or an official notice from the court.  It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver.  **To avoid these possible expenses, you must return the signed waiver within 28 days** from the date shown below, which is the date this notice was sent.  Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy.  You may keep the other copy.

WHAT HAPPENS NEXT?

If you return the signed waiver, I will file it with the court.  The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint.

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you.  And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date: June 30, 2022

William H. Corgan, Esq. (#0074398)
**WEISENSELL, MASTRANTONIO & NIESE, LLP**
*Attorney for Plaintiff Mildred Accomando*
23 S. Main Street, Suite 301
Akron, Ohio 44308
(330) 376-5756
(330) 762-5980 - fax
WHCorgan@nwm-law.com

**IN THE COURT OF COMMON PLEAS**
**SUMMIT COUNTY, OHIO**

| | | |
|---|---|---|
| MILDRED M. ACCOMANDO | ) | Case No.: |
| | ) | |
| Plaintiff, | ) | JUDGE |
| | ) | |
| vs. | ) | WAIVER OF THE SERVICE OF |
| | ) | SUMMONS |
| WALMART, INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

To William H. Corgan:

I have received your request to waive service of a summons in this action along with a copy of the Complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case on Defendant NATIONAL CONSTRUCTION RENTALS, INC.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from June 30, 2022, the date when this

request was sent.  If I fail to do so, a default judgment could be entered against me or the entity I represent.


Date: _____


_____
(Signature of the attorney or unrepresented party)


_____
(Printed name)


_____
(Address)


_____
(E-mail address)


_____
(Telephone number)

## DUTY TO AVOID UNNECESSARY EXPENSES OF SERVING A SUMMONS

Rule 4.7 of the Ohio Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is subject to the court's personal jurisdiction and who fails to return a signed waiver of service requested by a plaintiff may be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

**IN THE COURT OF COMMON PLEAS**
**SUMMIT COUNTY, OHIO**

| | | |
|---|---|---|
| MILDRED M. ACCOMANDO | ) | Case No.: |
| | ) | |
| Plaintiff, | ) | JUDGE |
| | ) | |
| vs. | ) | |
| | ) | |
| WALMART, INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

To: WAL-MART REAL ESTATE BUSINESS TRUST
c/o CT Corporation System – Statutory Agent
4400 Easton Commons Way, Suite 125
Columbus, OH 43219

WHY ARE YOU GETTING THIS?

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the Complaint is attached. This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. **To avoid these possible expenses, you must return the signed waiver within 28 days** from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

WHAT HAPPENS NEXT?

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint.

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date: June 30, 2022

William H. Corgan, Esq. (#0074398)
WEISENSELL, MASTRANTONIO & NIESE, LLP
*Attorney for Plaintiff Mildred Accomando*
23 S. Main Street, Suite 301
Akron, Ohio  44308
(330) 376-5756
(330) 762-5980 - fax
WHCorgan@nwm-law.com

# IN THE COURT OF COMMON PLEAS
## SUMMIT COUNTY, OHIO

| | | |
|---|---|---|
| MILDRED M. ACCOMANDO | ) | Case No.: |
| | ) | |
| Plaintiff, | ) | JUDGE |
| | ) | |
| vs. | ) | WAIVER OF THE SERVICE OF |
| | ) | SUMMONS |
| WALMART, INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

To William H. Corgan:

I have received your request to waive service of a summons in this action along with a copy of the Complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case on Defendant WAL-MART REAL ESTATE BUSINESS TRUST.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from June 30, 2022, the date when this

request was sent. If I fail to do so, a default judgment could be entered against me or the entity I represent.

Date: _____

_____
(Signature of the attorney or unrepresented party)


_____
(Printed name)


_____
(Address)


_____
(E-mail address)


_____
(Telephone number)

## DUTY TO AVOID UNNECESSARY EXPENSES OF SERVING A SUMMONS

Rule 4.7 of the Ohio Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is subject to the court's personal jurisdiction and who fails to return a signed waiver of service requested by a plaintiff may be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

IN THE COURT OF COMMON PLEAS
SUMMIT COUNTY, OHIO

MILDRED M. ACCOMANDO )  Case No.:
)
Plaintiff, )  JUDGE
)
vs. )  WAIVER OF THE SERVICE OF
)  SUMMONS
WALMART, INC., et al. )
)
Defendants. )
)
)

To William H. Corgan:

I have received your request to waive service of a summons in this action along
with a copy of the Complaint, two copies of this waiver form, and a prepaid
means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and
complaint in this case on Defendant NATIONAL CONSTRUCTION RENTALS,
INC.

I understand that I, or the entity I represent, will keep all defenses or objections
to the lawsuit, the court's jurisdiction, and the venue of the action, but that I
waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer
or a motion under Rule 12 within 60 days from June 30, 2022, the date when this

request was sent.  If I fail to do so, a default judgment could be entered against me or the entity I represent.

Date: 7/21/22

M— M— (0096597)
(Signature of the attorney or unrepresented party)

Marcus Miller
(Printed name)

41 S. High St., Ste 2400, Cols., OH 43215
(Address)

Mmiller@shumaker.com
(E-mail address)

614-628-4466
(Telephone number)

# IN THE COURT OF COMMON PLEAS
# SUMMIT COUNTY, OHIO

| | | |
|---|---|---|
| MILDRED M. ACCOMANDO | ) | Case No.: |
| | ) | |
| Plaintiff, | ) | JUDGE |
| | ) | |
| vs. | ) | WAIVER OF THE SERVICE OF |
| | ) | SUMMONS |
| WALMART, INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

To William H. Corgan:

I have received your request to waive service of a summons in this action along with a copy of the Complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case on Defendant WAL-MART REAL ESTATE BUSINESS TRUST.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from June 30, 2022, the date when this

request was sent.  If I fail to do so, a default judgment could be entered against me or the entity I represent.

Date: _____7/29/2022_____


_____/s/ Moriah K. Cheatham Williams_____
(Signature of the attorney or unrepresented party)


____Moriah K. Cheatham Williams, Esq._____
(Printed name)


____222 S. Main Street, Akron, OH 44308_____
(Address)


____mcheathamwilliams@ralaw.com_____
(E-mail address)


___(330) 696-3736_____
(Telephone number)