IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MILDRED M. ACCOMANDO, | CASE NO.   5:22CV1353 |
| Plaintiff, | JUDGE JOHN R. ADAMS |
| vs. | MAGISTRATE |
| WALMART, INC., et al., | **DEFENDANT WAL-MART STORES EAST, LP'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| Defendants. | **(Jury Demand Endorsed Hereon)** |

Now comes Defendant Wal-Mart Stores East, LP (improperly named in Plaintiff's Complaint as Walmart Inc. and Wal-Mart Real Estate Business Trust) (hereinafter "Answering Defendant"), by and through the undersigned counsel, and hereby present their Answer to Plaintiff's Complaint as follows:

**FIRST DEFENSE**

1. The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint, and can neither admit nor deny the same.

2. The Answering Defendant admits that Wal-Mart Stores East, LP, is a Delaware Corporation which is registered to do business in the State of Ohio. The Answering Defendant admits the remaining allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. The Answering Defendant admits that Wal-Mart Stores East, LP, is a Delaware Corporation which is registered to do business in the State of Ohio. The Answering Defendant admits the remaining allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiff's Complaint, and can neither admit nor deny the same.

5. The Answering Defendant denies the allegations contained in Paragraph 5 of Plaintiff's Complaint.

## SECOND DEFENSE

6. With respect to Paragraphs 1 through 5 of Plaintiff's Complaint, the Answering Defendant reavers each and every response, defense and/or denial previously set forth in its Answer herein, and incorporate the same as if fully rewritten herein.

7. The Answering Defendant denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. The Answering Defendant denies the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. The Answering Defendant denies the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. The Answering Defendant denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. The Answering Defendant denies the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. The Answering Defendant denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. The Answering Defendant denies the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. The Answering Defendant denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. The Answering Defendant denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiff's Complaint, and can neither admit nor deny the same.

17. The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of Plaintiff's Complaint, and can neither admit nor deny the same.

18. The Answering Defendant denies the allegations contained in Paragraph 18 a.-e. of Plaintiff's Complaint.

**THIRD DEFENSE**

19. With respect to Paragraphs 1 through 18 of Plaintiff's Complaint, the Answering Defendant reavers each and every response, defense and/or denial previously set forth in its Answer herein, and incorporate the same as if fully rewritten herein.

20. The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of Plaintiff's Complaint, and can neither admit nor deny the same.

21. The Answering Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of Plaintiff's Complaint, and can neither admit nor deny the same.

23. The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of Plaintiff's Complaint, and can neither admit nor deny the same.

## FOURTH DEFENSE

24. With respect to Paragraphs 1 through 23 of Plaintiff's Complaint, the Answering Defendant reavers each and every response, defense and/or denial previously set forth in its Answer herein, and incorporate the same as if fully rewritten herein.

25. The Answering Defendant denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. The Answering Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. The Answering Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. The Answering Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. Service of process upon the Answering Defendant was improper as a matter of law.

3. Service of process was insufficient as a matter of law.

4. Insofar as the subject accident was caused by an Act of God, including but not limited to the weather, road conditions, or other conditions, Plaintiff is not entitled to the requested relief.

5. Insofar as the incident arose from a sudden emergency, Plaintiff is barred from recovery against this Answering Defendant.

6. Insofar as Plaintiff was negligent, contributorily negligent, comparatively negligent, and/or assumed the risk, Plaintiff is not entitled to the requested relief.

7. Insofar as Plaintiff intentionally caused their injuries, Plaintiff is not entitled to the requested relief.

8. Insofar as Plaintiff has failed to join necessary and/or indispensable parties, Plaintiff is not entitled to the requested relief.

9. Insofar as Plaintiff lacks standing, and is ultimately not the real party in interest, Plaintiff is not entitled to the requested relief.

10. Insofar as the Answering Defendant was not negligent, Plaintiff is not entitled to the requested relief.

11. Insofar as there was an intervening and/or superseding cause, Plaintiff is not entitled to the requested relief.

12. Insofar as Plaintiff has failed to mitigate their damages, Plaintiff is not entitled to the requested relief.

13. Insofar as the subject accident was not reasonably foreseeable, Plaintiff is not entitled to the requested relief.

14. Insofar as Plaintiff's claims are barred or limited by the statute of limitations, waiver, release, covenant, estoppel, res judicata, collateral estoppel, unclean hands, laches, or avoidable consequence, Plaintiff is not entitled to the requested relief.

15. Insofar as the injuries alleged in Plaintiff's Complaint were caused by persons and/or entities not under the control of the Answering Defendant, Plaintiff is not entitled to the requested relief.

16. The Answering Defendant raises each and every affirmative defense applicable under Ohio's tort reform statute, as same may be declared applicable in the instant matter.

17. The Answering Defendant asserts their right to the "Empty Chair" defense pursuant to Section 2307.23 of the Ohio Revised Code.

18. Plaintiff is not entitled to an award of pre- or post-judgment interest.

19. Any amount recoverable is limited by the Ohio Tort Reform Act.

20. Plaintiff's claims are barred by primary assumption of the risk.

21. This Answering Defendant respectfully reserves the right to amend its Answer to Plaintiff's Complaint to add such additional affirmative defenses, cross-claims, counterclaims, and/or third-party complaints as may be disclosed during the course of discovery in the captioned matter.

WHEREFORE, Wal-Mart Stores East, LP (improperly named in Plaintiff's Complaint as Walmart Inc. and Wal-Mart Real Estate Business Trust) prays this Court dismiss the Plaintiff's Complaint with prejudice, retain jurisdiction to decide any motion for sanctions that may be filed and award Defendant its costs, fees, attorney's fees and such other and further relief as this Court deems just and proper.

Respectfully submitted,

/s/ Moriah K. Cheatham Williams
Bradley A. Wright (47090)
bwright@ralaw.com
Moriah K. Cheatham Williams (98733)
mcheathamwilliams@ralaw.com
Roetzel & Andress, LPA
222 South Main Street
Akron, OH 44308
Telephone 330.376.2700
Facsimile 330.376.4577
ATTORNEYS FOR DEFENDANT
WAL-MART STORES EAST LP

### JURY DEMAND

Defendant demands a trial by jury on all issues so triable.

/s/ Moriah K. Cheatham Williams
One of the Attorneys for Defendant

### PROOF OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing has been served upon the following parties via the Court's electronic filing system this 8th day of August, 2022. Notice of this filing will be sent to all parties registered to receive service through the Court's electronic filing system. Parties may access this filing through the Court's electronic filing system. Further, copies will be sent via U.S. Mail to unrepresented parties.

/s/ Moriah K. Cheatham Williams
Bradley A. Wright
Moriah K. Cheatham Williams

18675674 _1 109514.2376